[Crim. No. 1755. Second Appellate District, Division Two.—January 30, 1929.]

In the Matter of the Application of JEFFIE HARRIS FLANNERY for a Writ of Habeas Corpus.

Griffith Jones for Petitioner.

Marion P. Betty for Respondents.

THOMPSON (IRA F.), J.— The petitioner, the mother of two minor children, Charles Harris Flannery and Martha A. Flannery, presented a petition for the writ

of *habeas corpus* for the purpose of testing the legality of the detention of the children mentioned. Petitioner appeared before the superior court on October 16, 1928, in response to an order to show cause why the custody of the children should not be given to the father. At that time, without objection on the part of counsel for petitioner the court made an order as follows: "The matter will be referred to Mrs. Maxwell, the referee, for her investigation and report." The Mrs. Maxwell mentioned is Mary Maxwell, the referee of the probation department of Los Angeles County. When the matter came to her attention she was unable to handle it herself and asked Mrs. Kara Root, one of her deputies, to make an investigation of the case. Mrs. Root asked the petitioner and her witnesses to come to her office and at a different time requested the father and his witnesses to appear before her. The parties and their witnesses were interviewed independently of each other. Mrs. Maxwell was present when Mrs. Root examined some of the witnesses, but to her knowledge the witnesses were not sworn or the attorneys notified of the proceedings. A report was made by Mrs. Root and at the time of the hearing of the report counsel for petitioner asked leave to have witnesses sworn and examined for the purpose of refuting the report. The motion was denied, but the court read the entire report of Mrs. Root and made an order giving the custody of the children to the probation department of the county of Los Angeles, with instructions to find for them a suitable home. At the conclusion of the hearing before us we made an order giving the custody of the children to the petitioner until the cause was disposed of.

It is obvious that the petitioner was never permitted to show cause why she should not be deprived of the custody of her children. Mrs. Root was not the referee appointed by the court and had no authority to act as such. She was a mere volunteer. We must not only presume that none of the witnesses interviewed by her were sworn, because Mrs. Maxwell testified that, although she was present when some were examined, they were not to her knowledge, but also from the fact that she had no authority to administer oaths for the reason that a referee derives authority only from the order of the court. (*Solomon* v. *Maguire,* 29 Cal. 227; sec. 642, Code Civ. Proc.) It is not enough that affidavits on behalf

of plaintiff were submitted to the court, for the reason we have already indicated, that no opportunity was given the petitioner to show cause and no hearing was had.

Charles Harris Flannery and Martha A. Flannery are released from the custody of the probation department of the county of Los Angeles.

Works, P. J., and Craig, J., concurred.